**FILED - GR**
March 24, 2025 1:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: ٱلو / د- ٢٥

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSONEL,
Moorish American, Emperor of the Moorish Empire,
in Special Appearance, in Propria Persona,
Plaintiff,

**1:25-cv-323**

**Hala Y. Jarbou
Chief U.S. District Judge**

v. Civil Action No. _____
Hon. _____

ROBERT J. JONKER, in his individual capacity as presiding Article III Judge,
SALLY J. BERENS, in her individual capacity as U.S. Magistrate Judge,
Defendants.

CIVIL COMPLAINT
FOR: BREACH OF FIDUCIARY DUTY, FIFTH AMENDMENT DUE PROCESS
VIOLATIONS, AND VIOLATION OF SUPREME LAW

INTRODUCTION
This is a civil action brought by Jeffery JacksonEL, Moorish American
national and Emperor of the Moorish Empire, in special appearance and
propria persona. Plaintiff invokes supreme expressed standing under the
Treaty of Peace and Friendship (1787/1836) and Article VI of the U.S.
Constitution, which together form the supreme law of the land and bind all
judicial officers.

Defendants—Magistrate Judge Sally J. Berens and District Judge Robert J.
Jonker—violated their fiduciary and constitutional obligations by dismissing
Plaintiff's properly preserved constitutional and treaty-based claims. These
violations stem from their failure to correct a judicial error grounded in an
unlawful prosecution initiated not by U.S. Marshals, but by Walden Security,
a private contractor acting under color of federal authority. The court's
adoption of this false narrative perpetuated the effects of a fraud upon the
court committed during the 2010 prosecution.

Plaintiff clarifies that the allegation of fraud upon the court is solely based
on the unlawful prosecution of 2010, and not directed as a personal or false
accusation against any present judicial officer.

JURISDICTION AND VENUE
Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343, and the Supremacy
Clause of the U.S. Constitution, as this case involves violations of Plaintiff's
federally protected constitutional and treaty rights.

Venue is proper in this district under 28 U.S.C. § 1391(b), as all material
events occurred within the Western District of Michigan.

PARTIES
Plaintiff JEFFERY JACKSONEL is a living man, Moorish American by nationality, and a secured party appearing in propria persona, deriving supreme standing not from the Fourteenth Amendment but from treaty and constitutional foundations.

Defendant ROBERT J. JONKER is the District Judge who approved the Report and Recommendation in Case No. 1:25-cv-197. He is sued in his individual capacity for failing to address constitutional and treaty violations clearly preserved on the record.

Defendant SALLY J. BERENS is the Magistrate Judge who issued said Report and Recommendation. She is sued in her individual capacity for neglecting controlling law and misapplying immunity doctrines in a case involving material constitutional violations.

FACTUAL BACKGROUND
On August 20, 2010, Plaintiff was falsely accused of assaulting a U.S. Marshal, resulting in a federal arrest and prosecution. The criminal matter was later dismissed with prejudice. Despite this, the arrest record and fabricated basis remain on Plaintiff's record, continuing to cause injury.

Plaintiff later discovered that the false accusation did not originate with any federal officer, but rather with Walden Security, a private federal courthouse contractor who acted under color of federal law by initiating the charge.

This key fact—that a private actor initiated a federal arrest—was not disclosed during the criminal proceeding and was not examined by the Court in the subsequent civil suit (Case No. 1:25-cv-197).

In that case, Plaintiff lawfully preserved all constitutional, treaty, and legal arguments in his original complaint and Objection (ECF No. 6). These filings included facts establishing:

The wrongful origin of the charge,
The denial of access to proper legal process,
The continuation of injury despite the dismissal.
Plaintiff's claims were improperly dismissed under doctrines such as sovereign immunity, res judicata, and the Bivens limitation on private actors, without allowing discovery or acknowledging the constitutional and treaty-based nature of the claims.

Specifically:

Walden Security, a private party, acted under color of federal law to initiate a federal prosecution;
Plaintiff was misidentified and falsely labeled as having assaulted a U.S. Marshal;
This fabricated basis was ratified and adopted by the Court without de novo factual review;
Plaintiff was not permitted discovery to expose the original actor's liability;
These errors violated Plaintiff's Fifth Amendment and treaty-protected

rights;

All relevant claims were preserved and cited under constitutional and controlling appellate law.

CAUSES OF ACTION

COUNT I – BREACH OF FIDUCIARY DUTY

Defendants owed Plaintiff a fiduciary and constitutional duty to uphold the rule of law and to protect the integrity of judicial proceedings. Their failure to apply controlling Sixth Circuit and Supreme Court precedent to the facts constitutes a breach of duty.

COUNT II – VIOLATION OF THE FIFTH AMENDMENT (DUE PROCESS)

Plaintiff was denied due process when:

His preserved constitutional and treaty claims were dismissed without proper consideration;

The Court failed to conduct meaningful de novo review under Fed. R. Civ. P. 72(b)(3);

Discovery into the actual source of the false arrest was never allowed;

The court failed to distinguish between actions of federal officers and private actors.

COUNT III – FRAUD UPON THE COURT (2010 UNLAWFUL PROSECUTION)

Plaintiff alleges that fraud upon the court occurred in 2010 when Walden Security, a private party, initiated a false federal charge under the guise of federal authority, which led to an unconstitutional arrest, reputational harm, and judicial injury.

This fraud was unknowingly accepted and judicially ratified due to material misrepresentations, and remains uncorrected in the present court record.

Relief is sought under Fed. R. Civ. P. 60(d)(3), which authorizes redress for fraud upon the court even post-judgment when such fraud affects the integrity of judicial proceedings.

COUNT IV – TREATY VIOLATIONS

The Treaty of Peace and Friendship (1787/1836) guarantees that Moorish nationals shall not be falsely accused, detained, or harmed without just cause. Defendants disregarded this supreme law in allowing misidentification and the use of fabricated charges against a Moorish national.

Article VI of the Constitution makes this treaty binding on all judges, overriding procedural doctrines and state-created barriers.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully demands:

A. A declaration that Defendants violated Plaintiff's Fifth Amendment and treaty rights;

B. An order granting injunctive relief to prevent further reliance on the 2010 fabricated charge and correcting the court record;

C. An award of $5,000,000 in damages for ongoing injury, constitutional

deprivation, and breach of duty;

D. A finding that judicial immunity does not apply where constitutional violations and known factual misrepresentations were not corrected;

E. Any other equitable or lawful relief this Court deems just.

Respectfully submitted,
This ___ day of _____, 2025

/s/ Jeffery JacksonEL
Jeffery JacksonEL, in Propria Persona
Moorish American
Emperor of the Moorish Empire


jeffery jacksonEL

1238 calvin avenue southeast

grand rapids, michigan 49506

sign: 

date: 03-24-2025